Lawrence E. Henke
David L. Vicevich
Vicevich Law
3738 Harrison Ave.
Butte, MT 59701
larry@vicevichlaw.com
dave@vicevichlaw.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA, BUTTE DIVISION

| | |
|---|---|
| RANCHES OF THE WEST, INC., a Wyoming corporation, <br><br> Plaintiff, <br><br> v. <br><br> JANET CHRISTENSEN, <br><br> Defendant. | Case No. CV-21-65-BU-BMM-JTJ <br><br> **AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff, Ranches of the West, Inc., by and through its counsel of record, Lawrence E. Henke, and for its Complaint against Defendant Janet Christensen, assert and allege as follows:

# I.
# Parties

1. Plaintiff Ranches of the West, Inc. ("Ranches") was a Wyoming corporation with its principal place of business at 1965 Cold Springs Rd., Douglas, WY 82633, at all times relevant to the facts and claims set forth in this matter.

2. Defendant Janet Christensen ("Christensen") was a resident of Butte, Silver Bow County, Montana, at all times relevant to the facts and claims set forth in this matter.

## II.
## Venue and Jurisdiction

3. Venue is proper in Federal District Court, Butte Division, pursuant to 28 U.S.C. § 1391(b)(2).

4. This Court has personal jurisdiction over the parties to this lawsuit because all events took place within the Butte Division of the District of Montana.

5. This Court has subject matter jurisdiction over the Plaintiffs' claims alleged in this Complaint because there is diversity between the parties and the amount sought by Plaintiffs exceeds $75,000. 28 U.S.C. §§ 1332.

## III.
## Background Facts

6. Ranches of the West, Inc. retained the services of Janet Christensen to handle bookkeeping and accounting for it.

7. Ranches also used Janet Christensen to manage the books for subsidiaries and related companies.

8. Ranches (hereinafter used to refer to all related entities), at Christensen's request, purchased Quickbooks™ accounting software for use in managing Ranches' books.

9. For many years, Ranches believed Christensen was diligently providing services to it, while always acting in the best interests of Ranches.

10. Among the tasks Christensen performed for Ranches were:

- Entry of credits and debits,
- Reconciling accounts,
- Preparation of quarterly payroll tax reports,
- Preparation of annual federal and state tax returns, and
- Payment of taxes and other expenses.

11. Earlier this year, Christensen resigned without any notice, forcing Ranches to hire a new accountant.

12. For several months, Christensen refused to provide Ranches with physical or electronic versions of its books.

13. Christensen also refused to provide the Ranches with checkbooks it had entrusted her with.

14. When paper copies of files were finally provided to Ranches' new accountant by Christensen, the files were in disarray, with documents from different years purposefully intermingled to make use of the documents by the new accountant difficult and costly to the Ranches.

15. As of the date of this filing, Christensen continues to refuse to relinquish the Quickbooks™ license which Ranches purchased and many of the electronic files associated with work she performed on behalf of the Ranches.

16. After terminating its relationship with Christensen, Ranches has uncovered significant financial indiscretions perpetrated by Christensen, including billing the Ranches for work she did not perform, use of Quickbooks for the benefit of other customers, errors in making tax payments which led to penalties, and purchases made after termination.

## IV.
## Claims and Causes of Action

### Count 1 – BREACH OF CONTRACT

17. Plaintiff realleges paragraphs 1-16 as though fully set forth herein.

18. Christensen offered to provide bookkeeping and accounting services to Ranches.

19. Ranches accepted Christensen's offer to provide it with bookkeeping and accounting services.

20. Christensen performed the services and Ranches compensated her.

21. Christensen breached the contract by failing to adequately perform the services she was hired for.

22. Ranches has suffered damages in an amount to be determined at trial; subject to a full audit to be performed, the compensatory damages are currently established at an amount in excess of $75,000.

## Count 2 – BREACH OF FIDUCIARY DUTY

23. Plaintiff realleges paragraphs 1-22 as though fully set forth herein.

24. As the accountant for Ranches, Christensen owed Ranches a fiduciary duty to handle its books and finances with diligence and care.

25. Christensen breached that fiduciary duty by not handling the books and finances of Ranches with diligence and care.

26. Christensen also breached her fiduciary duty to Ranches by charging it for work she did not perform, withholding paper files and software, and for incurring expenses after her termination.

27. Ranches has suffered damages in an amount to be determined at trial; subject to a full audit to be performed, the compensatory damages are currently established at an amount in excess of $75,000.

## Count 3 – VIOLATION OF MONTANA CONSUMER PROTECTION ACT

28. Plaintiff realleges paragraphs 1-27 as though fully set forth herein.

29. The purpose of the Montana Unfair Deceptive Trade Practices Act is to protect the public from unfair or deceptive practices. M.C.A § 30-14-101 *et seq*.

30. Ranches is "consumer" as defined by M.C.A § 30-14-102(1) because it is a person as defined by M.C.A § 30-14-102(6) which purchased goods and services for personal, family, or household purposes.

31. Christensen conducted trade and commerce as defined by M.C.A § 30-14-102(8)

by "advertising, offering for sale. . . any services, any property . . . directly or indirectly affecting the people of this state."

32. Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful. M.C.A § 30-14-103.

33. Christensen misrepresented that she would provide accounting and bookkeeping services to Ranches in a professional, diligent manner.

34. Ranches has suffered an ascertainable loss of money, to wit at least $75,000 in compensatory damages for overbilling for work not done, incurring tax penalties, and causing Ranches to incur the cost of recreating files she would not provide..

35. Ranches is entitled to damages in an amount to be determined at trial; subject to a full audit to be performed, the compensatory damages are currently established at an amount in excess of $75,000; and trebling of such actual damages pursuant to M.C.A. § 30-14-133(1).

36. Ranches has had to retain an attorney to protect his rights and is entitled to its attorney's fees incurred in prosecuting this action pursuant to M.C.A. § 30-14-133(3).

## Count 4 – CONVERSION

37. Plaintiff realleges paragraphs 1-36 as though fully set forth herein.

38. Ranches purchased Quickbooks™ accounting software for use in managing Ranches' books.

39. Ranches provided Christensen with a license to use the Quickbooks™ accounting software to manage the books and finances for Ranches.

40. Christensen exercised unauthorized control of the Quickbooks™ accounting software by refusing to return the software and the associated electronic files to the Ranches upon her termination.

41. Christensen also exercised unauthorized control of the Quickbooks™ accounting software by using the program to handle the books of other companies, without permission from Ranches.

42. Ranches has suffered damages in an amount to be proven at trial from its loss of use of Quickbooks™, from having to recreate files, and from having to purchase replacement software because Christensen would not provide Ranches with the software and associated files.

## V.
## Exemplary Damages

43. Plaintiff realleges paragraphs 1-42 as though fully set forth herein.

44. Christensen acted with actual malice and/or actual fraud in charging Ranches for work she did not do, withholding files from Ranches after termination, and providing the files in disarray months later, entitling Ranches to punitive damages under M.C.A. § 27-1-220.

## Prayer for Relief

Wherefore, Plaintiffs pray for relief as follows:

A. An award of compensatory damages for each and every claim, in an aggregate amount of no less than $75,000;

B. An award of punitive damages in an amount sufficient to discourage Christensen from charging clients for work she did not do, withholding files from clients after termination, and purposefully mixing up paper files to cost clients time and money to fix the files after she is terminated,

C. An award of treble damages under incurred as a result of the violation of the Montana Unfair Deceptive Trade Practices Act, M.C.A. § 30-14-133(1);

D. An award of court costs and attorney's fees incurred as allowed by M.C.A. § 30-14-133(3); and

E. For any other relief the Court deems just under the circumstances.

DATED this 2nd day of September, 2021.

/s/ *Lawrence E. Henke*_____
LAWRENCE E. HENKE

## DEMAND FOR JURY TRIAL

Comes now the Plaintiff, by and through its counsel, and hereby demands a jury trial.

DATED this 2nd day of September, 2021.

/s/ *Lawrence E. Henke*_____
LAWRENCE E. HENKE