**J. BEN EVERETT**
**BERNARD J. "BEN" EVERETT**
**ADAM COOK**
**EVERETT COOK LAW**
**217 East Park Street**
**P.O. Box 969**
**Anaconda, Montana 59711**
**Telephone: 406-563-5005**
**Fax: 406-563-0380**
**ATTORNEY FOR PLAINTIFF**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA, BUTTE DIVISION

| | |
|---|---|
| RANCHES OF THE WEST, INC., a Wyoming corporation, <br><br> Plaintiff, <br> v. <br><br> JANET CHRISTENSEN, <br><br> Defendant. <br><br> **Counterclaim** <br><br> JANET CHRISTENSEN, <br><br> Counterclaim-Plaintiff <br><br> v. <br><br> RANCHES OF THE WEST, INC., REID ROSENTHAL, and JOHN DOES 1-20, <br><br> Counterclaim-Defendants. | Cause No. CV-21-65-BU-BMM-JTJ <br><br><br> **ANSWER TO COMPLAINT, DEMAND FOR JURY TRIAL, AND COUNTERCLAIM** |

COMES NOW Defendant Janet Christensen, by and through her attorneys, and in answer to Plaintiff's Compliant, for which she demands a jury trial, claims and alleges as follows:

1.  Defendant admits Ranches of the West, Inc., is a Wyoming corporation with its

principal place of business in Douglas, Wyoming.

2. Defendant admits that Janet Christensen is a resident of Butte-Silver Bow County and citizen of Montana.

3. Defendant admits venue is proper.

4. Defendant is unable to admit nor deny the allegations set forth in paragraph 4.

5. Defendant admits the amount in controversy exceeds $75,000.00; however, based upon the allegations set forth in paragraphs 7 and 8 of Plaintiff's Complaint, cannot admit that the subsidiaries and related companies referred to as Plaintiff "Ranches" are not citizens of the State of Montana without all of the entities being disclosed and named in the Complaint. Therefore, Defendant denies complete diversity of citizenship of the parties exist in this case.

6. Defendant admits she was hired as an employee by Ranches of West, Inc.

7. Defendant admits she did bookkeeping for Ranches of West, Inc., its subsidiaries and related companies for which she was paid wages.

8. Defendant denies that Plaintiff Ranches of the West, Inc., and its subsidiaries and related companies purchased QuickBooks at her request.

9. Defendant admits that she diligently provided services for Ranches of the West, Inc., its subsidiaries and related entities and that she acted in the best interests of all of the ranches during all times of her employment.

10. Defendant admits she performed the employee duties for Ranches of the West, Inc., and its subsidiaries and related entities, but denies that the listed of duties outlined in paragraph 10 of the Complaint are accurate and/or complete.

11. Defendant admits she resigned from her employment for Plaintiff Ranches of the West, Inc., and its subsidiaries, but denies each and every other allegation of

paragraph 11 of Plaintiff's Complaint.

12. Defendant denies she has refused to provide Ranches of the West, Inc., with a physical and electronic version of its books and affirmatively alleges Plaintiff Ranches was given a copy of the same.

13. Defendant denies she refused to provide Ranches of the West, Inc., with company checkbooks and affirmatively alleges she mailed the company checkbooks to Reid Rosenthal.

14. Defendant denies the allegations of paragraph 13.

15. Defendant denies she has failed and refused to relinquish QuickBooks license and any of the files to Plaintiff and affirmatively alleges she sent those documents to Ranches.

16. Defendant denies the allegations contained in paragraph 16 of Plaintiff's Complaint.

## Claims and Causes of Action

## Count 1- BREACH OF CONTRACT

17. In response to paragraph 17, Defendant incorporates by reference its response to the incorporated paragraphs as if fully set forth herein.

18. Defendant admits Plaintiff and its subsidiaries and related entities employed her as a bookkeeper and denies the other allegations of paragraph 18 of Plaintiff's Complaint. She affirmatively alleges she is not and has never been an accountant and did not provide accounting services to Plaintiff, its subsidiaries or related entities.

19. Defendant denies the allegations set forth in paragraph 19 of Plaintiff's Complaint.

20. Defendant denies she has received full compensation for her employment and bookkeeping services she provided Plaintiff, its subsidiaries and related entities.

21. Defendant denies she breached any contract or that she failed to adequately perform

the services for which she was employed by Plaintiff, it subsidiaries or related entities.

22. Defendant denies the allegations set forth in paragraph 22 of Plaintiff's Complaint.

## Count 2- BREACH OF FIDUCIARY DUTY

23. In response to paragraph 23, Defendant incorporates by reference its response to the incorporated paragraphs as if fully set forth herein.

24. Defendant denies she was an accountant for Plaintiff, its subsidiaries and related entities, and specifically denies she owed a fiduciary duty in the performance of her duties of employment as a bookkeeper.

25. Defendant denies the allegations in paragraph 25 of Plaintiff's Complaint and specifically denies she owed a fiduciary duty as a bookkeeper and denies that she failed to perform her duties with diligence or care.

26. Defendant denies the allegations set forth in paragraph 26 of Plaintiff's Complaint and specifically denies she owed a fiduciary duty to Plaintiff, its subsidiaries and related entities, in the performance of her duties as a bookkeeper charged for work she did not perform or withheld paper files and software.

27. Defendant denies the allegations set forth in paragraph 27 of Plaintiff's Complaint.

## Count 3- VIOLATION OF MONTANA CONSUMER PROTECTION ACT

28. In response to paragraph 28, Defendant incorporates by reference its response to the incorporated paragraphs as if fully set forth herein.

29. Defendant admits the purpose of the Montana Unfair Deceptive Practices Act is to protect Montana Consumers from unfair and deceptive practices.

30. Defendant denies Plaintiff, its subsidiaries or related entities, is a "consumer" as defined by Mont. Code Ann. § 34-14-102(1).

31. Defendant denies she was engaged in trade or commerce while employed as a bookkeeper by Plaintiff, its subsidiaries and related entities, and specifically denies she advertised or offered for sale any service or property while employed as a bookkeeper.

32. Defendant admits the allegation set forth in paragraph 32 of Plaintiff's Complaint.

33. Defendant denies the allegations set forth in paragraph 33 of Plaintiff's Complaint and specifically denies she made any misrepresentations regarding her services as a bookkeeper for Plaintiff, its subsidiaries and related entities.

34. Defendant denies the allegations set forth in paragraph 34 of Plaintiff's Complaint.

35. Defendant denies the allegations set forth in paragraph 35 of Plaintiff's Complaint.

36. Plaintiff denies the allegations set forth in paragraph 36 of Plaintiff's Complaint.

### Count 4 – CONVERSION

37. In response to paragraph 37, Defendant incorporates by reference its response to the incorporated paragraphs as if fully set forth herein.

38. Defendant admits she used QuickBooks in the performance of her duties as a bookkeeper for Plaintiff, its subsidiaries and related entities, and denies each and every other allegation of paragraph 38 of Plaintiff's Complaint.

39. Defendant denies Plaintiff, its subsidiaries or its related entities, provided her with a license to use "QuickBooks" software in the performance of her duties as a bookkeeper. Defendant affirmatively alleges she was instructed to use "QuickBooks" software in the performance of her bookkeeping duties and did so.

40. Defendant denies she exercised unauthorized control of the "QuickBooks" program and affirmatively alleges she sent Plaintiff a flashdrive containing the QuickBooks program.

41. Defendant denies the allegations set forth in paragraph 41 of Plaintiff's Complaint.

42. Defendant denies the allegations set forth in paragraph 42 of Plaintiff's Complaint.

## Count 5- EXEMPLARY DAMAGES

43. In response to paragraph 43, Defendant incorporates by reference its response to the incorporated paragraphs as if fully set forth herein.

44. Defendant denies each and every allegation set forth in paragraph 44 of Plaintiff's Complaint.

## GENERAL DENIAL

Defendant denies Plaintiff's prayer for relief and also specifically denies each and every allegation in the *Complaint* which has not been specifically admitted or otherwise addressed above.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by estoppel.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by waiver.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or diminished by his mitigation/failure to mitigate.

## FOURTH AFFIRMATIVE DEFENSE

The claims of Plaintiff fail to state a claim for relief.

## FIFTH AFFIRMATIVE DEFENSE

Janet Christensen was an employee of Plaintiff, its subsidiaries and related entities, and as an employee was "bound to exercise a reasonable degree of skill" in the performance of her duties pursuant to Mont. Code Ann. § 39-2-406 (2019).

Janet Christensen, as an employee of Plaintiff, it subsidiaries and related entities,

did not owe a fiduciary duty to her employers in the performance of her duties pursuant to Mont. Code Ann. § 39-2-406 (2019).

## SIXTH AFFIRMATIVE DEFENSE

Janet Christensen was not engaged in a trade or commerce while performing bookkeeping duties for Plaintiff, its subsidiaries and related entities, and therefore, is not subject to the provisions of the Montana Unfair Trade Practices and Consumer Protection Act set forth in Mont. Code Ann. § 30-14-101 (2019).

Plaintiff Ranches of The West Inc. is not a consumer as defined by the Consumer Protection Act at Mont. Code Ann. § 34-14-102(1).

## SEVENTH AFFIRMATIVE DEFENSE

At all times material herein, Janet Christensen was acting as an employee and agent of Ranches of the West Inc. in the course and scope of her employment. Ranches of the West Inc. is vicarious liable for any actions and or liability for any harm caused to others as a result of any alleged performance failures.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by Plaintiff's own fraud.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of limitations.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by its own failure to keep accurate payroll records.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims must be dismissed because they were not brought by all real party in interest.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claim for Breach of Contract must be denied because Montana is an at-will employment state.

## **ADDITIONAL DEFENSES**

Defendant has plead those defenses presently known to be available to it. Discovery has not commenced and Defendant reserves the right to seek court approval to assert additional defenses and affirmative defenses should information be developed which support such a request.

WHEREFORE, having answered Plaintiff's *Complaint*, Defendant prays:

1. That judgment be entered in its favor;
2. That Plaintiff's *Complaint* be dismissed with prejudice;
3. That Plaintiff take nothing by its *Complaint* against Defendant;
4. For attorney's fees and cost; and
5. That the court grant such other and further relief as it deems just and proper.

## **COUNTERCLAIM**

I.

Plaintiff and Counter-Defendant Ranches of the West Inc. (Ranches) was Defendant and Counter-Plaintiff Janet Christensen's employer for approximately 22 years. Ranches hired Christensen in January of 2000 as a bookkeeper.

II.

At the time Plaintiff was hired, and throughout Plaintiff's entire employment with Ranches, Steven Rosenberg CPA was the accountant for Ranches and Reid Rosenthal was the owner and manager of Ranches. Steven Rosenberg and Reid Rosenthal directly supervised Christensen's work activities throughout her entire employment.

III.

In 2013, shortly after President Obama had defeated Republican nominee Mitt Romney in the 2012 presidential election, Reid Rosenthal altered Janet Christensen's employment classification and began paying her part time as an employee, and part time as an independent contractor. Rosenthal's changed her classification to independent contractor to avoid paying employee taxes to President Obama's government. Christensen's job duties remained the exact same and she continued to be an employee of Ranches in all but name.

**COUNT I – WRONGFUL DISCHARGE FROM EMPLOYMENT**

IV.

Defendant and Counterclaim-Plaintiff Janet Christensen realleges the allegations in paragraphs I-III of this Complaint.

V.

In approximately May of 2021, Reid Rosenthal and his girlfriend, Linda Skiles, requested Christensen create a W-2 for Rosenthal showing that he was an employee of Ranches. They requested this of Christensen because they wanted to take advantage of the Covid-19 PPE government loans. Christensen declined to do so because Reid Rosenthal was not an employee of Ranches of the West and she suspected it would be fraud to claim otherwise.

VI.

Christensen voiced her concerns to Reid Rosenthal. Despite those concerns Reid Rosenthal and Linda Skiles put pressure on Christensen to create W-2's for Rosenthal. Christensen reported this to Steven Rosenberg CPA and asked for guidance. Rosenberg told Christensen not to create W-2's for Rosenthal as it was illegal.

## VII.

Thereafter, Reid Rosenthal and his girlfriend Linda Skiles made Christensen's job so unbearable that she voluntarily terminated her employment with Ranches on July 9, 2021. Reid Rosenthal made Christensen's job so intolerable that no objective, reasonable person would be expected to tolerate the employment and voluntary termination was the only reasonable alternative.

## VIII.

As a result of Christensen's constructive discharge from employment, she has been losing wages and fringe benefits.

## IX

Reid Rosenthal made Christensen's job intolerable in retaliation for her refusal to create a W-2 in violation of public policy, and because she reported it to Steven Rosenberg CPA, for which Ranches should be required to pay punitive damages.

## COUNT II - CIVIL LIABILITY FOR STOPPING PAYMENT ON CHECKS IN VIOLATION OF MONT. CODE ANN. § 27-1-717.

## X

Defendant and Counterclaim-Plaintiff Janet Christensen realleges the allegations in paragraphs I-IX of this Complaint.

## XI

Shortly after terminating her employment on July 9, 2021, Christensen wrote herself checks on July 15, 2021, for the wages she had earned for the pay period. Throughout her entire employment with Ranches, Christensen as the bookkeeper was responsible for issuing her own employment checks for wages earned.

## XII

Reid Rosenthal stopped payment on the checks with the intent to defraud the payee of the check and wages earned for which he should be required to pay damages.

## COUNT III – CONSTRUCTIVE FRAUD

XIII

Defendant and Counterclaim-Plaintiff Janet Christensen realleges the allegations in paragraphs I-XII of this Complaint.

XIV

Ranches owed Christensen several duties, including but not limited to, the duty of good faith and fair dealing, the duty to pay Christensen wages earned, the duty to keep accurate time records, the duty to pay the employer contribution of the employment tax, duty to pay appropriate workers' compensation premiums, and the duty to properly classify Christensen as an employee.

XV

Ranches and Reid Rosenthal breached their duties and misled the Plaintiff, including but not limited to, threating to terminate her employment if she did not accept half her pay as an independent contractor, failing to pay appropriate employer tax contributions, failing to pay appropriate workers' compensation premiums, withholding her final pay checks as leverage to get her to perform work she was not legally obligated to perform, threatening to institute legal action against Christensen and then following through with those threats.

XVI

By breaching their duties, Ranches and Rosenthal gained an advantage over the Plaintiff, including but not limited to, the advantage of pleading theoretical causes of action against Christensen that they would not otherwise be able to plead against an

employee, the advantage of stopping her paychecks, the advantage of not paying workers' compensation, social security, and employment taxes.

XVII

Plaintiff suffered damage as a result of Defendant's constructive fraud.

XVIII

Defendant acted with actual fraud and actual malice as those terms are defined by Mont. Code Ann. § 27-1-221 (2017), for which it should be required to pay punitive damages.

**COUNT V – BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

XIX

Defendant and Counterclaim-Plaintiff Janet Christensen realleges the allegations in paragraphs I-XVIII of this Complaint.

XX

Christensen was employed by Rosenthal and Ranches as an employee. The contract of employment between the parties created a special relationship.

XXI

Because of the special relationship created, Ranches owed Christensen a duty of good faith and fair dealing.

XXII

Defendant breached the duty of good faith and fair dealing, including but not limited to, when it failed to pay Christensen the wages she had earned, when it forced Christensen to be treated as a part time independent contractor even though she was actually an employee, when it failed to pay the employer's contribution to workers'

compensation, social security, and employment taxes, when its misclassification of Christensen as independent contractor caused Christensen to have to pay her own FICA taxes as an independent contractor, and when it sued Christensen for torts that could otherwise not be brought against an employee.

XXIII

Christensen suffered damages as a result of Ranches' failure to act in good faith and faith dealing, including but not limited to, having to defend a lawsuit against her former employer for allegations against her as an "independent contractor" when in fact she was an employee.

XXVI

Ranches and Rosenthal acted with actual fraud and actual malice as those terms are defined by Mont. Code Ann. § 27-1-221 (2017), for which it should be required to pay punitive damages.

WHEREFORE, Counterclaim-Plaintiff Janet Christensen prays judgment against the Counterclaim-Defendant as follows:

1. For amounts due and owing for work performed;
2. For civil liability, service charges, and penalty pursuant § 27-1-717;
3. For the damage caused to Christensen as a result of her wrongful discharge from employment;
4. For four years of lost wages and fringe benefits from the date of discharge;
5. For the damage caused to Christensen as a result of Ranches constructive fraud, including but not limited to the loss of employer contributions for employment taxes;
6. For the damage caused to Christensen as a result of Ranches failure to act in good faith and fair dealing;

7. For Christensen's severe mental and emotional distress;

8. For general damages;

9. For attorney fees and costs;

10. For punitive damages;

11. For such other and further relief as the court deems just and proper.

DATED THIS __12th__ DAY OF NOVEMBER, 2021.

EVERETT COOK LAW

BY:___/S/Adam Cook_____
    ADAM COOK
    Attorney for Defendant

**CERTIFICATE OF SERVICE**

I, Adam Cook, attorney of record for the plaintiff, hereby certify that on the __12th__ day of November, 2021, I served a true and accurate copy of the attached upon the attorney of record for the Plaintiff and Counter-Defendant through ECF:

Lawrence E. Henke
Vicevich Law
3738 Harrison Avenue
Butte, MT 59701

___/S/Adam Cook_____
    ADAM COOK
    Attorney for Defendant