Adrienne M. Tranel
William VanCanagan
DATSOPOULOS, MacDONALD & LIND, P.C.
201 West Main, Suite 201
Missoula, MT 59802
Telephone: (406) 728-0810
Facsimile: (406) 543-0134
atranel@dmllaw.com; abaugus@dmllaw.com

*Attorneys for Plaintiff/Counter-Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA, BUTTE DIVISION

| | |
|---|---|
| RANCHES OF THE WEST, INC., a Wyoming corporation,<br><br>Plaintiff,<br>v.<br><br>JANET CHRISTENSEN,<br><br>Defendant. | Cause No: CV-21-65-BU-BMM-JTJ<br><br><br><br>**PLAINTIFF/ COUNTER-DEFENDANTS' ANSWER TO COUNTERCLAIMS** |
| JANET CHRISTENSEN,<br><br>Counterclaim – Plaintiff,<br>v.<br><br>RANCHES OF THE WEST, INC., REID ROSENTHAL, and JOHN DOES 1-20,<br><br>Counterclaim – Defendants. | |

COME NOW the Plaintiff/Counter-Defendants, Ranches of the West, Inc., and Reid Rosenthal (hereinafter collectively referred to as "ROW"), by and through their undersigned counsel of record, and hereby submit the following Answer in response to Defendant/ Counter-Plaintiff Janet Christensen's ("Christensen") Counterclaims. ROW states and alleges as follows:

## ANSWER

Defendants deny every allegation not specifically admitted herein.

1. Answering Paragraph I of the Counterclaim, ROW admits it used Christensen as a bookkeeper during that period of time but denies the remaining allegations.

2. Answering Paragraph II of the Counterclaim, ROW admits Rosenberg was the CPA for ROW, and Rosenthal was the owner/ President of ROW. ROW denies the remaining allegations in Paragraph II.

3. Answering Paragraph III of the Counterclaim, ROW denies all of the allegations contained therein.

**COUNT I – WRONGFUL DISCHARGE FROM EMPLOYMENT**

4. Answering Paragraph IV of the Counterclaim, ROW incorporates by reference its Answer to all other Paragraphs.

5. Answering Paragraph V of the Counterclaim, ROW denies all allegations contained therein.

6. Answering Paragraph VI of the Counterclaim, ROW denies all allegations contained therein, but neither admits nor denies the claims regarding Christensen and Rosenberg as ROW does not have personal knowledge of the same.

7. Answering Paragraph VII of the Counterclaim, ROW admits that Christensen voluntarily resigned from her employment with ROW on July 9, 2021. ROW denies all other allegations contained therein.

8. Answering Paragraph VIII of the Counterclaim, ROW denies all allegations contained therein.

9. Answering Paragraph IX of the Counterclaim, ROW denies all allegations contained therein.

## COUNT II – CIVIL LIABILITY FOR STOPPING PAYMENT ON CHECKS IN VIOLATION OF MONT. CODE. ANN. SECTION 27-1-717

10. Answering Paragraph X of the Counterclaim, ROW incorporates by reference its Answer to all other Paragraphs.

11. Answering Paragraph XI of the Counterclaim, ROW admits that Christensen wrote herself checks in July 2021 and made transfers, and that Christensen issued her own checks. ROW denies all other allegations contained therein.

12. Answering Paragraph XII of the Counterclaim, ROW admits that a stop payment was issued on the checks Christensen issued to herself. ROW denies all other allegations contained therein.

## COUNT III – CONSTRUCTIVE FRAUD

13. Answering Paragraph XIII of the Counterclaim, ROW incorporates by reference its Answer to all other Paragraphs.

14. Answering Paragraph XIV of the Counterclaim, ROW denies all allegations contained therein.

15. Answering Paragraph XV of the Counterclaim, ROW denies all allegations contained therein.

16. Answering Paragraph XVI of the Counterclaim, ROW denies all allegations contained therein.

17. Answering Paragraph XVII of the Counterclaim, ROW denies all allegations contained therein.

18. Answering Paragraph XVIII of the Counterclaim, ROW denies all allegations contained therein.

## COUNT V [SIC] – BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

19. Answering Paragraph XIX of the Counterclaim, ROW incorporates by reference its Answer to all other Paragraphs.

20. Answering Paragraph XX of the Counterclaim, ROW denies all allegations contained therein.

21. Answering Paragraph XXI of the Counterclaim, ROW denies all allegations contained therein.

22. Answering Paragraph XXII of the Counterclaim, ROW denies all allegations contained therein.

23. Answering Paragraph XXIII of the Counterclaim, ROW denies all allegations contained therein.

24. Answering Paragraph XXVI [sic] of the Counterclaim, ROW denies all allegations contained therein.

25. Answering the Prayer for Relief, ROW denies that Christensen is entitled to any relief and denies all allegations contained therein.

## AFFIRMATIVE DEFENSES

1. Christensen's Counterclaims fail to state a claim upon which relief may be granted. There is an insufficient factual and/or legal basis for any claim against Defendants.

2. Christensen's Counterclaims (and each cause of action asserted therein) are barred, in whole or in part, by the defenses identified in Rule 8(c)(1), F.R.C.P., including, without limitation, estoppel, quasi-estoppel, unclean hands, fraud, illegality, laches, release, res judicata, statute of limitations, and waiver and acquiescence.

3. Christensen's Counterclaims (and each cause of action asserted therein) are barred, in whole or in part, by the defenses identified in Rule 12(b)(1) – (7), F.R.C.P.

4. Christensen's Counterclaims (and each cause of action therein) are barred, in whole or in part, by reason of the allegations set forth in the Complaint and all Amendments thereto, which are incorporated by reference into this answer as if fully set forth herein.

5. Christensen's Counterclaims (and each cause of action therein) are barred by the statute of limitations.

6. Christensen's Counterclaims (and each cause of action therein) are barred by res judicata and/or collateral estoppel.

7. Christensen's Counterclaims (and each cause of action therein) and prayer for relief may be off-set and/or precluded by other claims for relief including but not limited to her wage claim pending before the Department of Labor, and/or interim earnings.

8. Christensen's Counterclaims (and each cause of action therein) may be preempted by the exclusive relief provided in the Wrongful Discharge in Employment Act, M.C.A. Section 39-2-901 *et seq*.

9. Christensen's Counterclaims (and each cause of action therein) are barred because Christensen is not the real party in interest.

10. Christensen's Counterclaims (and each cause of action therein) may be barred for failure to exhaust internal policies and procedures.

ANSWER TO COUNTERCLAIMS

6

11. Christensen's Counterclaims (and each cause of action therein) may be barred or diminished by her failure to mitigate her damages.

12. ROW continues its investigation and has yet to take discovery from Christensen in this matter. ROW therefore expressly reserves the right and places Christensen on notice that ROW may amend this Answer to state any further and additional defenses that come to light during discovery.

WHEREFORE, ROW prays:

1. That the relief sought by Christensen be denied;

2. That the Court dismiss the Counterclaims in full;

3. For its recovery of attorney's fees, costs, and supplemental relief;

4. For a judgment that Christensen is not entitled to attorney's fees, costs, or any other monetary relief; and

5. For other such relief as may be just, proper, and equitable.

DATED this 10th day of January, 2022.

By: /s/ Adrienne M. Tranel
Adrienne M. Tranel, Esq.
DATSOPOULOS, MacDONALD & LIND, P.C.

# CERTIFICATE OF SERVICE

The undersigned, an employee of Datsopoulos, MacDonald & Lind, P.C., does hereby certify that a true and correct copy of the foregoing was served upon the below via E-service and U.S. Mail on this 10th day of January, 2022:

J. Ben Everett
Bernard J. "Ben" Everett
Adam Cook
Everett Cook Law
P.O. Box 969
Anaconda, MT 59711

                                                  Ashley D. Baugus, Paralegal to
                                                  Adrienne M. Tranel, Esq.