Adrienne M. Tranel
William VanCanagan
DATSOPOULOS, MacDONALD & LIND, P.C.
201 West Main, Suite 201
Missoula, MT 59802
Telephone:   (406) 728-0810
Facsimile:   (406) 543-0134
atranel@dmllaw.com; abaugus@dmllaw.com

*Attorneys for Plaintiff/Counter-Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA, BUTTE DIVISION

| | |
|---|---|
| RANCHES OF THE WEST, INC., a Wyoming corporation,<br><br>    Plaintiff,<br>v.<br><br>JANET CHRISTENSEN,<br><br>    Defendant.<br>——————————————<br>JANET CHRISTENSEN,<br><br>    Counterclaim – Plaintiff,<br>v.<br><br>RANCHES OF THE WEST, INC., REID ROSENTHAL, and JOHN DOES 1-20,<br><br>    Counterclaim – Defendants. | Cause No: CV-21-65-BU-BMM-JTJ<br><br><br><br><br>**PLAINTIFF RANCHES OF THE WEST, INC.'S SECOND AMENDED COMPLAINT** |

COMES NOW the Plaintiff, Ranches of the West, Inc., by and through its

counsel of record, the law firm of Datsopoulos, MacDonald & Lind, and for its

Second Amended Complaint against Defendant Janet Christensen, asserts and alleges as follows:

### I.      Parties

1. Plaintiff Ranches of the West, Inc. ("ROW") was a Wyoming corporation with its principal place of business at 1965 Cold Springs Rd., Douglas, WY 82633, at all times relevant to the facts and claims set forth in this matter.

2. Defendant Janet Christensen ("Christensen") was a resident of Butte, Silver Bow County, Montana, at all times relevant to the facts and claims set forth in this matter.

### II.     Venue and Jurisdiction

3. Venue is proper in Federal District Court, Butte Division, pursuant to 28 U.S.C. § 1391(b)(2).

4. This Court has personal jurisdiction over the parties to this lawsuit because all events took place within the Butte Division of the District of Montana.

5. This Court has subject matter jurisdiction over the Plaintiff's claims alleged in this Complaint because there is diversity between the parties and the amount sought by Plaintiff exceeds $75,000. 28 U.S.C. §§ 1332.

### III.    Background Facts

6. ROW retained the services of Janet Christensen to handle bookkeeping for it.

7. For many years, ROW believed Christensen was diligently providing loyal services to it, while always acting in the best interests of ROW.

8. Among the tasks Christensen performed for ROW were:

    - Entry of credits and debits;

    - Reconciling accounts,

    - Making payments on bills and business credit cards,

    - Writing checks, making account transfers, and paying herself;

    - Ordering some supplies as necessary for ROW; and

    - Preparing, submitting and signing tax reports and forms for State and Federal governments.

9. ROW, at Christensen's request, purchased QuickbooksTM accounting software for use in managing ROW's books.

10. In July 2021, Christensen resigned without any notice and ROW promptly accepted such resignation.

11. For a month after her resignation, Christensen refused to provide ROW with physical or electronic versions of its books.

12. Also for a month after her resignation, Christensen refused to provide ROW with checkbooks it had entrusted her with and then only partially provided them, forcing the purchase of new checkbooks at a cost of hundreds of dollars. Christensen withheld, and continues to withhold, log in,

administration, passwords, and other access information to scores of ROW's bank, vendors and credit card accounts that she created in her own name, linked to her email, her phone number, her address, and her personal login information.

13. When Christensen finally provided partial paper copies of files to ROW, documents from different years were purposefully intermingled to make ROW's use of the documents difficult and costly. As of this date, Christensen still retains certain physical assets and files of ROW.

14. As of the date of this filing, Christensen continues to refuse to relinquish the QuickBooks TM license which ROW purchased and continues to pay for. This prevents ROW access to certain electronic files associated with work she performed on behalf of ROW, and affords her continuing access to such records. Christensen has also failed to return Tax Tools, which is critical amortization software.

15. Following Christensen's departure, ROW has uncovered significant financial indiscretions occurring from 2005 to the present, and breaches of her professed loyalty and honesty, including but not limited to the following:

    a. Billing ROW for work she did not perform;

    b. Billing and concealing from ROW unauthorized vacation pay, sick pay, holiday pay, and bereavement pay in an amount as yet

undetermined but totaling at least $100,000.00, just from 2014 to the date of this filing;

c. Increasing her hourly rate without authorization and billing ROW and paying herself at that increased, unauthorized rate, then concealing such rate in her billings;

d. Use of an unauthorized and concealed "employee advance account" to advance herself cash funds (a type of "personal line of credit") and not fully re-paying that account, which is still owing not less than $6,500 plus interest. Christensen's purported partial repayments of such unauthorized "loans" are simply book entries made by her and are not reflected in ROW bank statements.

e. Unauthorized and concealed purchase of personal and household items and services using ROW accounts and funds, such as Staples;

f. Purchase of personal services such as telephone and television lines that were billed to ROW, such as the Charter account;

g. Issuing unauthorized checks to herself for alleged health insurance payments; such overpayments of direct or reimbursements believed to be not less than $13,000.

h. Failing to re-pay a personal loan in the amount of $5,000 represented to ROW as needed for Christensen to continue her education;

    i. Use of QuickBooks, supplies, services and assets of ROW for the benefit of other customers of Christensen's;

    j. Unauthorized personal purchases made, in some cases months after her resignation; and

    k. Upon information, belief and subsequent investigation, the fraudulent statement of work hours, further checks, property, and/or funds that were improperly diverted by Christensen to Christensen's benefit.

16. Christensen's position of trust allowed her to deliberately deceive ROW by, among other things, falsifying the bookkeeping information, concealing information about the true state of her pay and other accounts, and using her position to write unauthorized checks or make unauthorized purchases using the credit cards of ROW.

17. Christensen used and benefited from the funds derived from the above-described actions in the following respects:

    a. Receiving tens of thousands of dollars for no work performed;

    b. Purchasing thousands of dollars in personal and household items and services for herself and her family;

    c. Purchasing personal cable and television lines for Christensen's household, personal benefit and other clients of Christensen; and

    d. Overpayment by thousands of dollars to herself for health insurance reimbursements.

    e. Upon information and belief, subsequent investigation may reveal further benefits that Christensen derived from checks, property, services and/or funds that she improperly diverted to herself.

18. Upon information and belief, Christensen and her agents have disposed and are disposing or attempting to dispose of stolen funds and property purchased with stolen funds which would otherwise be subject to execution.

## IV.   Claims and Causes of Action

### COUNT I – BREACH OF FIDUCIARY DUTY

19. Plaintiff realleges paragraphs 1-18 as though fully set forth herein.

20. As the part-time bookkeeper for ROW with authority to transfer funds, use credit cards, write checks, and unknown to ROW – controlling access for such books, credit cards, bank accounts and other online accounts using her own rather than ROW's name, phone number, login, password and similar information, Christensen owed ROW a fiduciary duty and the duty of loyalty to handle its books, monies and finances with diligence and care.

21. Christensen breached that fiduciary duty and the duty of loyalty by not handling the books, monies and finances of ROW with diligence and care.

22. Christensen also breached her fiduciary duty and duty of loyalty to ROW by charging it for work she did not perform, contriving since 2014 over $100,000 of unauthorized, concealed vacation, sick, holiday and bereavement pay, withholding paper files and software, and for incurring self-benefitting expenses after her resignation.

23. Christensen's contrivance and payments to herself of concealed and unauthorized vacation, sick and holiday pay pre-dates 2014 in an amount to be determined, but not less than approximately $25,000.

24. ROW has suffered damages in an amount to be determined at trial; subject to audits and investigations now ongoing, the compensatory damages are currently established at an amount in excess of $75,000.

## COUNT II – CONVERSION

25. ROW re-alleges paragraphs 1-24 as though fully set forth herein.

26. ROW was the owner and rightful possessor of the funds Christensen diverted and received.

27. Christensen exercised unauthorized dominion over the funds she diverted and received, resulting in significant damages to ROW.

28. Christensen acted with actual malice in converting ROWs funds in that Christensen had knowledge or intentionally disregarded the fact that such conduct created a high probability of damage to ROW, and Christensen

proceeded to convert those funds, and willfully failed to provide access to ROW to the accounts of those funds, with disregard or indifference to the high probability of damage to ROW.

29. Christensen's malicious conduct gives rise to punitive damages pursuant to Mont. Code Ann. Section 27-1-221.

## COUNT III - CONVERSION

30. Plaintiff re-alleges paragraphs 1 – 29 as though fully set forth herein.

31. At Christensen's request, ROW purchased QuickBooksTM accounting software for use in managing ROW's books.

32. At Christensen's request ROW provided Christensen with its license to use the QuickBooksTM accounting software to manage the books and finances for ROW.

33. Christensen exercised unauthorized control of the QuickBooksTM accounting software by placing the software and license in her name – including all login and access information, and refusing to provide access to the accounts and return the software and the associated electronic back up and other files to the ROW upon her resignation.

34. By placing the QuickBooks TM software and access to it in her name, Christensen also exercised unauthorized control of the QuickbooksTM

accounting software by using the program to handle the books of other clients of hers, without the knowledge or permission of ROW.

35. ROW has suffered damages in an amount to be proven at trial from its loss of use of QuickBooksTM, from its forced, but so far unsuccessful dealings with Intuit and Christensen trying to obtain its license, programs, and historical backup files, and from having to purchase replacement software because Christensen would not provide ROW with its software and license access.

## COUNT IV – FRAUD, DECEIT

36. Ranches realleges paragraphs 1-35 as though fully set forth herein.

37. Christensen maintained a position and relationship of trust with ROW.

38. Christensen willfully and fraudulently deceived ROW when she knowingly made the false representation that purchases, payments and checks were made for certain business expenses and bills of ROW and willfully concealed material facts that she had a duty to disclose indicating that she was actually using those purchase, payments, and checks for her own benefit and to embezzle funds from ROW.

39. Christensen intended that her deceptive and false representations as well as her willful concealment of material facts would be relied upon by ROW and would induce ROW to continue to trust her with ROW's bookkeeping.

40. ROW was unaware of the falsity of Christensen's fraudulent representations and was also unaware of the facts Christensen concealed, but relied on her representations of honesty and loyalty, and ROW was consequently damaged.

41. Christensen's actions constitute deceit pursuant to Mont. Code Ann. Section 27-1-712, actual fraud pursuant to Mont. Code Ann. Section 18-2-405, and thereby give rise to punitive damages pursuant to Mont. Code Ann. Section 27-1-221.

## V. Exemplary Damages

42. ROW re-alleges paragraphs 1-41 as though fully set forth herein.

43. Christensen acted with actual malice and/or actual fraud in charging ROW for work she did not do, writing unauthorized checks, purchasing personal items without authorization, withholding access from ROW to scores of its bank, credit card, and vendor accounts, withholding files and records from ROW for months after her resignation (and continuing), and providing only partial files in disarray more than one month later, entitling ROW to punitive damages under M.C.A. § 27-1-220.

## Prayer for Relief

Wherefore, Plaintiff prays for relief as follows:

A. For damages under Counts I, II, III, and IV in an amount that will be established at the time of trial to compensate Plaintiff ROW for all damages sustained as a consequence of Christensen's actions;

B. An award of compensatory damages for each and every claim, in an amount of no less than $75,000;

C. An award of punitive damages in an amount sufficient to discourage Christensen from charging clients for work she did not do, hijacking their accounts and access in her own name, making unauthorized personal purchases, writing unauthorized checks, making unauthorized charges on credit cards, making unauthorized transfers for her personal benefit, and withholding files from clients after resignation;

D. For interest on the above at the legal rate, as established under state and federal law;

E. For the repayment of any and all loans Christensen made to herself using Plaintiff's monies with interest at the legal rate.

F. For costs and attorney's fees;

G. For any other relief the Court deems just under the circumstances.

DATED this 10th day of January, 2022.

                DATSOPOULOS, MacDONALD & LIND, P.C.

                By: <u>Adrienne M. Tranel</u>
                     Adrienne M. Tranel
                     *Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Comes now the Plaintiff, by and through its counsel, and hereby demands a jury trial.

DATED this 10th day of January, 2022.

                /s/ <u>Adrienne M. Tranel</u>
                ADRIENNE M. TRANEL