ADAM COOK
J. BEN EVERETT
BERNARD J. "BEN" EVERETT
EVERETT COOK LAW
217 East Park Street
P.O. Box 969
Anaconda, Montana 59711
Telephone: 406-563-5005
Fax: 406-563-0380

ATTORNEY FOR DEFENDANT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA, BUTTE DIVISION

| | |
|---|---|
| RANCHES OF THE WEST, INC., a Wyoming corporation,<br><br>      Plaintiff,<br>v.<br><br>JANET CHRISTENSEN,<br><br>      Defendant. | Cause No: CV-21-65-BU-BMM-JTJ |
| JANET CHRISTENSEN,<br><br>      Counterclaim – Plaintiff,<br>v.<br><br>RANCHES OF THE WEST, INC., REID ROSENTHAL, and JOHN DOES 1-20,<br><br>      Counterclaim – Defendants. | DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY |

COMES NOW Defendant, Janet Christensen, by and through her attorneys of Everett Cook Law, and hereby files this Brief In Support of Her Motion to Compel Discovery.

## INTRODUCTION

This lawsuit was brought by Ranches of the West ("ROW") against Janet Christensen for Breach of Contract, Conversion, and Fraud. The action was commenced on August 24, 2021. At this stage of the litigation, Defendant Christensen has filed a Motion for Partial Summary Judgment, and both parties have filed cross-motions to dismiss.

In its Response Brief in Opposition to Defendant's Motion for Partial Summary Judgment, Plaintiff ROW alleges that Christensen took unauthorized pay in the amount of $291,375.63. Presumably, that number came from somewhere, yet for some unknown reason, Plaintiff will not explain how it has calculated this astronomical amount of money that it alleges has been converted.

Additionally, in response to Defendant Christensen's Motion for Partial Summary Judgment, Plaintiff ROW is attempting to take advantage of the discovery rule to extend the statute of limitations. Yet plaintiff will not described its allegations against Christensen with sufficient enough detail to allow Christensen identify and defend the claims against her.

The present Motion to Compel is brought by Defendant Christensen after having attempted through formal discovery to discover the details of Plaintiff ROW's allegations against Christensen. Despite repeated extensions, Plaintiff ROW and Counter-Defendant Reid Rosenthal have not provided any meaningful responses to Defendant Christensen's formal discovery requests. Christensen first served discovery on Plaintiff ROW and Reid Rosenthal on February 24, 2022. After granting Plaintiff's an extension to answer, Plaintiff served its answers and responses on April 11, 2022. Unfortunately, Plaintiff ROW essentially copied and pasted the same two responses to almost every objections to interrogatories and requests for production otherwise. A copy of ROW and Rosenthal's answers to Defendant Christensen's first set of discovery is attached hereto as **Exhibit 1**.

After having received the nonresponsive discovery answers, Christensen served ROW and Rosenthal with a meet and confer letter on April 14, 2022. The meet and confer letter addressed every discovery response given by ROW and Rosenthal and explained in detail why those discovery responses were deficient. A copy of Christensen's meet and confer letter is attached as **Exhibit 2**. Following the meet and confer letter, Defendant Christensen sent correspondence on April 22, 2022 informing Plaintiff's counsel that it had not responded to her meet and confer letter and had not provided meaningful discovery responses despite having two months to do so. A copy of the April 21, 2022 letter is Attached as **Exhibit 3**. Of

note, Defendant Christensen insisted that Plaintiff supplement its discovery responses with meaningful answer by Friday April 29, 2022. On April 28, 2022, Counsel for Plaintiff informed Defendant Christensen that it could not meet the April 29, 2022, dated as requested, and would serve meaningful discovery responses on Friday May 6, 2022. A copy of the Email is Attached as **Exhibit 4**. However, on May 6, 2022, Plaintiff's counsel informed Defendant Christensen that it would let her know on Monday May 9, 2022, when she could expect to receive meaningful discovery responses. On Monday May 9, 2022, Defendant received no communications from Plaintiff's counsel. Since Plaintiff's Complaint has been in front of this court for approximately 9 months, plaintiff should be able to answer basic discovery questions about its allegations, especially given its Brief in which it purports to have calculated $291,375.63 in stolen funds.

    Defendant Christensen has been patient and gracious with extensions thus far. However, given the upcoming deadlines, Christensen can wait no longer. Liability Experts with Rule 26(a)(2)(B) reports are due on June 24, 2022, but Defendant can't even assess the need for an expert if Plaintiff will not disclose the substance of its claim. Moreover, since the date of Defendant Christensen's meet and confer letter to Plaintiff, Plaintiff has attempted to flip the script on Defendant Christensen as a way to shift the focus away from its own failure to answer

discovery, including engaging in multiple trivial discovery disputes and, most recently, renewing its unnecessary application for Temporary Restraining Order.

## DISCOVERY DEFICIENCIES

The following deficiencies were noted in the meet and confer letter of April 14, 2022, and have not been rectified to date:

**With respect to Request for Production No. 1- 12, and 14-16**, your client's response, in substance, states:

> Christensen is referred to ROW 000001-000550. *See also* Answer to Interrogatory No. 1 incorporated herein by reference. Plaintiff/Counter-claim Defendants continue to marshal documents which are responsive to this request and expressly reserve the right to supplement the within.

"A party responding to a request for the production of documents has the responsibility to provide meaningful responses to the request and has the responsibility to review voluminous documents to identify those that are responsive to specific requests." *Espinoza v. Ryan*, 2020 U.S. Dist. LEXIS 12581, *14, 2020 WL 6106143.
Your clients' response to these Requests for Production, are wholly inadequate and, quite frankly, non-responsive to the particular request asked. These discovery Requests are tailored to discover documents in support of particular allegations. Your client has accused Christensen of embezzlement, conversion, fraud, and deceit, amongst other things. Christensen is entitled to discover documents upon which your client relies in making those allegations. She is not required to guess at which documents, if any, support your claims.
    For example, ROW 000001-000065 are Wyoming Business filings with the Secretary of State. It is unclear how those 65 document could possibly support any of your claims for embezzlement, conversion, fraud, and deceit. Likewise, ROW 000072 is a completely redacted page, for which no privilege log has been provided. Surely you do not intend to support your claims with that document.
    Christensen's counsel has repeatedly asked Plaintiff's counsel to provide evidence of its claims. Your discovery responses leave

Christensen and her counsel reviewing 550 pages of documents, most of which appear to be completely irrelevant, in an attempt to determine what exactly your client is alleging. Please supplement your responses to provide meaningful responses to the discovery requested, or explain why you cannot provide meaningful discovery responses.

With respect to Request for Production No. 13, Plaintiff's response is similarly inadequate. It essentially states the same as above, only this time it adds an additional sentence directing Christensen to Plaintiff's Motion for Temporary Restraining Order, which doesn't appear to provide any documents relevant to the request. Please supplement your response to provide a meaningful response to the discovery requested, or explain why you cannot provide a meaningful discovery response.

**With respect to Request for Production No. 17**, please indicate what was meant by "all policies were terminated in 2013?" Does this mean all policy manuals have been destroyed? If so when were they destroyed?

**With respect to Request for Production No. 18**, your client objects on the basis that this discovery request is not relevant. However, this discovery request is reasonably calculated to lead to discoverable information. Christensen has made an allegation that Reid Rosenthal stopped payment on her checks with the intent to defraud her of wages. Based on communications between Reid Rosenthal and Christensen it appears he may have done the same with Bren. Likewise, it is clear from the communications between Rosenthal and Christensen that he threatened her with frivolous litigation if she did not comply with his demands. If true, those communications may support our defense. Please supplement your response to provide a meaningful response to the discovery requested, or explain why you cannot provide a meaningful discovery response.

**With respect to Request for Production No. 19**, your client declines to meaningfully respond on the basis that the Requested documents "were created exclusively by Christensen" and would be in her possession. However, "nothing in Rule 26, M.R.Civ.P., permits a party to decline to comply with the Rule and a court order requiring compliance therewith on the basis of that party's belief or opinion that the opposing party already possesses the required information." 2007

MT 46, ¶ 26, 336 Mont. 131, 138, 152 P.3d 1282, 1288. Even though the above quoted language is from Montana case law, the same rationale applies. Please supplement your response to provide a meaningful response to the discovery requested, or explain why you cannot provide a meaningful discovery response.

**With Respect to Interrogatories No. 1 – 17, 19, and 21 – 22**, these Responses appear to be copied and pasted, and it appears you've provided essentially the exact same response for all 20 of these discovery requests. The copied and pasted responses doesn't even attempt to answer the discovery requested. Please supplement your response to provide a meaningful response to the discovery requested, or explain why you cannot provide a meaningful discovery response.

**With Respect to Interrogatory No. 18**, this is not the first time Christensen has requested this information from Plaintiff. This request is reasonably calculated to lead to discoverable information. More specifically, Christensen has been accused of embezzlement, fraud, and conversion, and has brought counterclaims against ROW and Reid Rosenthal for constructive fraud, and civil liability for stopping payment on multiple checks which were issued in the name of different ranches managed by Rosenthal. Additionally, Reid Rosenthal and ROW have claimed that Christensen is an independent contractor of those different ranches. However, Christensen alleges that she was misclassified as an independent contractor. At some point in her career, Christensen began receiving payment directly from these different ranches managed by Rosenthal. Christensen is entitled to discover the names of the entities that stopped payment of the checks, and the names of any entities which have conspired with Reid Rosenthal to wrongly classify her as an independent contractor. Please supplement your response to provide a meaningful response to the discovery requested, or explain why you cannot provide a meaningful discovery response.

**With Respect to Interrogatory No. 20**, communications between Reid Rosenthal and Christensen clearly indicate that Reid Rosenthal is not afraid to use the legal system to punish those who cross him. It is Christensen's belief that Reid Rosenthal has brought suit against her for the purpose of retaliation. Discovery of prior lawsuits might lead to discoverable information that will aid in Christensen's defense of these claims. Please supplement your response to provide a meaningful

response to the discovery requested, or explain why you cannot provide a meaningful discovery response.

**With Respect to Request for Admission No. 2**, it is a yes or no answer. To claim that it is unduly burdensome to answer this question, is simply an attempt to avoid responsibility for properly answering discovery. Please answer this request for admission by either admitting or denying, and if denied, please explain the basis.

In short, I don't have a single responsive answer to any of my Requests for Production, or Interrogatories. It appears you have copied and pasted two responses, and have essentially used those two responses to answer over 40 discovery requests. Your client did not even attempt to answer discovery in good faith. In addition to your client's failure to respond meaningfully to Defendant's discovery requests, you have also submitted multiple documents, in discovery and to the court, with redactions that have not been accounted for in a privilege log. Please supplement your discovery responses, and produce un-redacted copies of all documents you've produced and/or submitted to the court.

*See* Meet and Confer Letter attached as Exhibit 2.

## ARGUMENT

A district court is vested with broad discretion to manage discovery. *Vickers v. Thompson*, 2017 U.S. Dist. LEXIS 141079, *5. The Rules of Civil Procedure are premised on a policy of liberal and broad discovery. *State ex rel. Burlington Northern Railroad Co. v. District Court*, 239 Mont. 207, 216, 779 P.2d 885, 891 (1989). The purpose of discovery is to promote the ascertainment of truth. *Bergeson v. National Surety Corp.*, 112 F.R.D. 692, 696 (D.Mont. 1986). Discovery fulfills this purpose by assuring the mutual knowledge of all relevant facts gathered by both parties which are essential to the litigation. *Id*.

"The discovery process is subject to the overriding limitation of good faith, and callous disregard for discovery responsibilities cannot be condoned." *Vickers* *4-5. Parties may obtain discovery on any non-privileged matter that is relevant to a party's claim or defense. *Id.* *5. Where discovery responses are unsatisfactory, the party seeking discovery may file a motion to compel. *Whitman v. State Farm Life Ins. Co.*, 2020 U.S. Dist. LEXIS 168906, *5, 2020 WL 5526684. The Ninth circuit has held that the federal rules provide "liberal discovery principles" and the party resisting discovery carries a "heavy burden of showing" why the requests should not be answered. *Id.* (Internal Citations Omitted).

I. **Plaintiff has provided <u>zero</u> meaningful responses to Defendant Christensen's 44 discovery requests.**

As pointed out in Defendant Christensen's meet and confer letter. Plaintiff appears to have copied and pasted the same two responses to 35 of Christensen's 44 discovery requests. The copied and pasted response provides no meaningful information and simply directs Christensen to the 550 pages of documents that Plaintiff has produced. In other words, Christensen is supposed to guess at the allegations being made and which of the 550 pages of documents produced support those allegations.

With respect to the other 9 discovery responses, Defendant Christensen points out in her meet and confer letter of April 14, 2022, why these particular responses are deficient, and incorporates those detailed requests herein. In short,

9 *Defendant's Brief In Support of Motion To Compel Discovery*

Plaintiff has provided some baseless objection to each of those discovery requests, ie… that the request is irrelevant or unduly burdensome. With respect to relevance, Defendant has explained in detail the purpose of said discovery request and how it is tailored to lead to discoverable information. With respect to its objection on the basis that it is unduly burdensome, it is the Plaintiff's burden to show that the information is not reasonably accessible because of undue burden or cost. *See Whitman* \* 8.

**II.   The Court should award Defendant Christensen her expenses and attorney's fees for bringing this motion.**

As previously mentioned, Plaintiff filed this claim in August of 2021 and has had approximately 9 months to gather evidence to support its claim. Moreover, the bulk of Plaintiff Complaint is based on money that has been converted. It is unclear to Defendant Christensen how a Plaintiff can plead a claim for conversion of monies without knowing exactly how much money was taken or when it was taken. After all, it is Plaintiff's burden to establish the exact dollar amount it alleges was converted and the date it was converted. In short, Plaintiff has been evading its obligation and burden of proof to come forward with evidence to support its claim, and it is not good enough to claim that Christensen has concealed the evidence.

Fed. R. Civ. P. 37(a)(3)(B) allows the Court to compel discovery if a party fails to respond to interrogatories or requests for production. For purposes of Rule

10 *Defendant's Brief In Support of Motion To Compel Discovery*

37, an evasive or incomplete answer must be treated as a failure to answer or respond. Rule 37(a)(5) allows the Court to award reasonable expenses, including attorney's fees, if a motion to compel is granted or if the requested discovery is provided after the motion was filed.

In this case, the Court should compel ROW and Reid Rosenthal to answer and respond to the above discovery requests and award Defendant Christensen expenses and attorney's fees in bringing this motion.

## CONCLUSION

ROW and Rosenthal's blanket objections do not protect them against disclosure of the information and documents requested in the above discovery requests. The information and documents should be readily available to Plaintiff and should have been at the time it filed suit. Therefore, the Court should compel ROW and Rosenthal to answer the discovery and produce the documents. The Court should also award Christensen its expenses and attorney's fees in bringing the Motion to Compel.

DATED THIS __10th_ DAY OF MAY, 2022.
EVERETT COOK LAW
BY: _/s/Adam Cook__ _____

ADAM COOK

Attorney for Defendant

11 *Defendant's Brief In Support of Motion To Compel Discovery*

# CERTIFICATE OF COMPLIANCE

Pursuant to Rule 7.1(d)(1)(B) of the Federal Court Local Rules, I certify that this Brief is printed with a proportionately spaced Times New Roman text typeface of 14 points; is double spaced; and the word count calculated by Microsoft Word is 2,617, excluding caption, certificate of compliance, and certificate of service.

Dated this 10th day of May 2022.

BY: /s/Adam Cook  _____

ADAM COOK

Attorney for Defendant

# **CERTIFICATE OF SERVICE**

I, Adam Cook, attorney of record for the plaintiff, hereby certify that on the __10th__ day of May, 2022, I served a true and accurate copy of the attached upon the attorney of record for the defendant listed below by ECF:

Adrienne Tranel
DATSOPOULOS, MACDONALD & LIND, P.C.
201 W. Main Street, Suite 201
Missoula, MT 59802

                                        EVERETT COOK LAW

                                        By____/s/Adam Cook_____

                                              ADAM COOK
                                              Attorney for Defendant