IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| RANCHES OF THE WEST, INC., a Wyoming corporation,<br><br>　　　　　Plaintiff,<br>v.<br><br>JANET CHRISTENSEN,<br><br>　　　　　Defendant. | Cause No: CV-21-65-BU-BMM-JTJ<br><br><br><br><br>**STIPULATED PROTECTIVE ORDER** |
| JANET CHRISTENSEN,<br><br>　　　　　Counterclaim – Plaintiff,<br>v.<br><br>RANCHES OF THE WEST, INC., REID ROSENTHAL, and JOHN DOES 1-20,<br><br>　　　　　Counterclaim – Defendants. | |

  Plaintiff Ranches of the West, Inc., seeks to produce financial and business records with respect to its claims in the above-referenced matter. Plaintiff has agreed to produce information and documents pursuant to an agreed upon Protective Order.

  This Stipulated Protective Order is entered into in order to avoid discovery disputes and to allow production of financial information without waiver of the parties' objection to its admission as evidence at hearings, trial, or depositions in this litigation.

Plaintiff Ranches of the West, Inc., and Defendant, Janet Christensen, have conferred and agree to the terms of a protective order ("Order"). The Order shall be entered to maintain the confidentiality of certain documents produced by Plaintiff in response to Defendant's discovery requests. The parties agree that this information can be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this Action, and any appeals therefrom.

The parties assert there is good cause for this request under Fed. R. Civ. P. 26(c). There are non-publicly available documents of a sensitive, confidential nature that will be produced and not shared with the general public. Entry of this Order will ensure the continued confidentiality of such non-publicly available information.

## STIPULATED PROTECTIVE ORDER

1. **<u>Scope.</u>**  This Order governs the treatment of all documents and other products of discovery, all information derived or extracted therefrom and including, but not limited to, all copies, excerpts or summaries thereof of any depositions, deposition exhibits, interrogatory answers, responses to requests for admission and any other discovery authorized by the Federal Rules of Civil Procedure, as well as any other disclosed information (collectively "Discovery Material") produced by any party or non-party ("Producing Party") in the above-captioned Action, including documents and other products of discovery exchanged by agreement of the parties outside of formal discovery.

2. Discovery Material that is designated as Confidential Discovery Material in accordance with the definition of that term in paragraph 3 below may be used solely for the prosecution, defense, appeal, and/or settlement of the Action and may be disclosed only under circumstances and to the persons specifically provided for in this or subsequent Court Orders, or with the prior written consent of the Producing Party with respect to specifically identified Discovery Material and may not be used for any purpose other than the prosecution, defense, appeal, and/or settlement of this Action.

3. **Definition of Confidential Discovery Material.** Any Producing Party may designate as "Confidential Discovery Material" any Discovery Material that it believes in good faith contains legally protectable information in accordance with the Federal Rules of Civil Procedure.

Information or documents that are available to the public may not be designated as "Confidential Discovery Material." All Discovery Material so designated shall be designated by stamping or affixing, in an unobtrusive manner, the legend "Confidential" to all production pages of any document containing Confidential Discovery Material. If the aforementioned forms of designation are infeasible, the parties shall note the designation in the filename, metadata and/or by written notice to counsel for the parties. Materials such as videotapes, audio tapes, and electronic media such as computer disks, compact discs, or DVDs, which contain or include Confidential Discovery Material, shall be designated by affixing

the appropriate legend on the package thereof. A Producing Party may, on the record of a deposition, or within twenty-one (21) calendar days after receipt of the transcript(s) of such deposition, designate in good faith any portion or portions of such transcript(s), including exhibits and videotape, as Confidential Discovery Material. Until the above-referenced twenty-one (21) day period expires, the complete deposition transcript and videotape shall be treated as Confidential Discovery Material unless otherwise specified in writing or on the record of the deposition by the Producing Party. If deposition transcripts that contain information or material designated as Confidential Discovery Material are filed with the Court, the portions of such transcripts so designated shall be filed in accordance with the section herein for the procedure for filing with the Court. In the case of reports created by an expert or consultant relying on or incorporating Confidential Discovery Material in whole or in part, designation shall be made by the party responsible for its creation by notation on the report.

4. **Who May Access Confidential Discovery Material.**

Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

  a. The parties to this Action, namely, Ranches of the West, Janet Christensen and Reid Rosenthal.

  b. The attorneys of record in the Action and paralegals working with them on the Action.

  c. Third-party experts or consultants retained to assist counsel for the parties, provided that any such experts or consultants execute an Acknowledgement and Consent Form ("Acknowledgment") prior to any disclosure to such expert(s) or consultant(s), and that a copy of such signed Acknowledgment is retained by counsel who retained such an expert or consultant. Disclosure of Confidential Discovery Material to an expert or consultant shall not constitute a designation of the person as an expert whose opinions may be presented at trial.

  d. The author, addressee, or recipient of the document as an exhibit at deposition, court hearing or trial.

  e. Stenographers or court reporters who record testimony taken at any time or place in the course of this Action or persons operating video recording equipment of and at such testimony.

  f. The Court, Court personnel, any other person designated by the Court in this Action, and members of the jury during the course of trial.

  g. Any mediator or third-party appointed by the court or jointly selected by the parties for settlement purposes.

      h.     Commercial copy service, translators, data entry and computer support organizations, and such persons who assist in preparing demonstrative trial exhibits, hired by and assisting counsel for a party, provided such commercial organizations are made aware of and agree to abide by the provisions of this Order.

      i.     Witnesses involved in the case, including all adverse witnesses listed by either party. "Witnesses" include those who are noticed for deposition or designated as trial witnesses, and the disclosure of the information is reasonably necessary in preparing to testify. Any such witnesses shall execute an Acknowledgement and Consent Form ("Acknowledgment") prior to any disclosure to such witness, and that a copy of such signed Acknowledgment shall be retained by counsel who spoke to the witness. Such Acknowledgment shall include that the witness is bound by the terms of this Protective Order.

      j.     Any other person agreed to in writing by the designated party, which agreement shall not be unreasonably withheld

5.    **Unauthorized Disclosure of Confidential Discovery Material.**  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Discovery Material to any person or in any circumstance not authorized under this Order, the Receiving Party must, as soon as reasonably practicable, (a) notify in writing the designated party of the unauthorized disclosures; (b) make reasonable efforts to retrieve all copies of the Confidential Discovery Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the

terms of this Order; and (d) request such person or persons execute the Acknowledgment.

6. **<u>Third-Party Requests for Information</u>.** If any Receiving Party is (a) subpoenaed in another action, (b) served with a demand in another action to which it is a party, or (c) served with any legal process by one not a party to this Action (including any federal state or foreign government agency), seeking Confidential Discovery Material subject to this Order, the Receiving Party upon determining that such Confidential Discovery Material are within the scope of the demand, subpoena, or legal process, to those who produced or designated the material Confidential. The person or party to whom the subpoena or request is directed shall not take any position concerning the propriety of such request or subpoena or the discoverability of the information sought that is adverse to the designating party should the designating party oppose the request for production of such documents or materials. Other than the obligation to comply with these requirements, this Order is not intended to affect a party's obligation to respond to such a subpoena or request, and nothing herein shall require any party to ignore or act in contempt of any court order or direction of any governmental entity.

7. **<u>Inadvertent Failure to Designate</u>.** A Producing Party may notify a Receiving Party that a document, or a portion thereof, was inadvertently not stamped or identified as Confidential Discovery Material. If the Producing Party, within twenty-one (21) days after becoming aware that the Confidential Discovery Material

was not properly designated, provides a replacement copy of such material with the appropriate "Confidential Discovery Material" designation, all such materials shall be treated as subject to this Order and all documents or materials and copies thereof that were produced without the appropriate confidentiality designation shall be returned to the Producing Party or destroyed.

Treatment of inadvertently produced Confidential Discovery Material in a manner inconsistent with this Order prior to notice of such inadvertent production is not a breach of this Order. If such material were disclosed by the Receiving Party to anyone not authorized to receive re-designated Confidential Discovery Material, the Receiving Party shall make reasonable efforts to retrieve the information promptly and avoid any further disclosure.

8. **Procedure for Filing with the Court.** In the event a party seeks to file any documents containing Confidential Discovery Material subject to protection under this Order with the Court, that party must take appropriate action to insure that the document receives proper protection from public disclosure including (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; and (c) by filing under seal in accordance with the Federal Rules of Civil Procedure.

Nothing in this Order will be construed as a prior directive that any document may remain under seal. The mere designation of information as Confidential may

not be sufficient to satisfy the Court's requirement for filing under seal. Each party is authorized hereunder to file a request that any materials produced in this litigation be filed under seal in accordance with this Order.

9. **Effect on Discovery.** This Order shall not enlarge or affect the proper scope of discovery in this Action, nor shall this Order imply that Discovery Material designated as Confidential under the terms of this Order is properly discoverable, relevant, or admissible in this Action or in any other litigation. Confidential Discovery Material produced in this Action can only be used in conjunction with this Action. Nothing in this Order shall be interpreted to require disclosure of material which a party contends are protected from disclosure by the attorney-client privilege or the work-product doctrine.

10. **Use of Protected Information.** The Parties and all persons who are bound by this Protective Order as identified in Paragraph 4 above agree not to use or disclose any Confidential Discovery Material other than in connection with this Action. The Parties agree not to use Confidential Discovery Material information for any business purposes.

11. **Challenging Confidentiality Designations.** The designation of any material, document, or information as Confidential is subject to challenge by any party. Before filing any motion or objection to a confidentiality designation, the objecting party must provide written notice identifying the challenged materials by its production number. The parties must then meet and confer in good faith to resolve

the objection informally without judicial intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. The burden of providing the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the Court rules on the challenge, all parties must continue to treat the materials as Confidential under the terms of this Order. In the vent that the challenged material's designation should be changed, the Producing Party shall reproduce copies of all materials and metadata with their designated removed or changed in accordance with the ruling within fourteen (14) calendar days of the ruling.

12.     **Termination.** Except as otherwise agreed in writing by the parties, subsequent to the entry of final judgment in the cases in this Action (including settlement, resolution of appeals, or petitions for review), the Parties agree to (at the option of the Receiving Party): (a) return all Confidential Discovery Material, including copies thereof, to the Producing Party, or (b) destroy all such materials and copies thereof; or (c) maintain all such Confidential Discovery Materials and all information contained therein in conformity with this Agreement. This Order shall survive the final termination of this Action with respect to any such Confidential Discovery Material.

Notwithstanding these provisions, counsel shall be permitted to retain copies of court filings, papers served in connection with this Action, transcripts (including

depositions, hearing, and trial transcripts), and exhibits and work product containing or reflecting Confidential Discovery Material. Counsel for each party is not required to review and/or destroy any or all emails, electronic documents and/or back-up tapes that may contain Confidential Discovery Materials. Instead, counsel is required to maintain such Confidential Discovery Material in confidence and consistent with the terms of this Order. No portion of this provision requires the disclosure of materials protected from disclosures by the attorney-client privilege or the work-product doctrine.

The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

13. **Amendment.** Any party may apply to this Court, upon written notice, in accordance with the rules of this Court, for an order amending, modifying, or vacating all provisions of this Order. Nothing in this Order shall be construed as prejudicing any Producing Party's right to seek an agreement or order providing additional confidentiality or other protections to any Confidential Discovery Material produced in this Action. Until such agreement or order is obtained, however, this Order shall constitute the entire agreement of the parties with respect to the matters covered herein.

14. **Jurisdiction.** The provisions of this Order shall survive the termination of this Action, the Court shall retain jurisdiction to enforce this Order, and a party may seek leave to reopen the case to enforce the provisions of this Order. No part of the restrictions imposed by this Order may be waived or terminated, except by written stipulation executed by counsel or record for each designated party or by an order of the Court for good cause shown.

15. **Protections Extended to Third-Party's Confidential Material.** The parties agree to extend the provisions of this Order to Confidential information produced in this case by third-parties, if timely requested by the third party. Any party, in conducting discovery from non-parties in connection with the Action, shall provide any non-party from which it seeks discovery with a copy of this Order so as to inform each such non-party of his, her, or its rights herein. If a non-party provides discovery to any party in connection with this Action, the provisions of this Order shall apply to such discovery as if such discovery were being provided by a party. Under such circumstances, the non-party shall have the same rights and obligations under the Order as held by the parties.

16. **Limitation on Use of Confidentiality Designations.** This Order has been agreed to by the parties to facilitate discovery and the production of relevant information in this Action. Neither the entry of this Order, nor the designation of any information, document or the like as Confidential Discovery Material, nor the failure to make such designation, such constitute evidence with respect to any issue in this

Action. Similarly, no Producing Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.

17. **Binding Effect.** This Stipulation shall be binding upon the parties, upon their attorneys, upon all signatories hereto, as well as their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

18. **Execution.** This stipulation may be signed by the parties in counterpart and electronically.

_____  Date: 5/26/2022
Datsopoulos, MacDonald & Lind
By: Adrienne M. Tranel
Attorneys for Plaintiff/Counterclaim
Defendants

_____  Date: May 25, 2022
Everett Cook Law
By: Adam Cook
Attorneys for Defendant/Counterclaim
Plaintiff

_____
John Johnston
United States Magistrate Judge

DATED this 13th day of June, 2022.

STIPULATED PROTECTIVE ORDER
13