IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| RANCHES OF THE WEST, INC., a Wyoming corporation,<br><br>       Plaintiff,<br><br>vs.<br><br>JANET CHRISTENSEN,<br><br>       Defendant.<br><br>JANET CHRISTENSEN,<br><br>       Counterclaim – Plaintiff,<br><br>vs.<br><br>RANCHES OF THE WEST, INC., REID ROSENTHAL, and JOHN DOES 1-20,<br><br>       Counterclaim – Defendants. | CV 21-65-BU-JTJ<br><br>**ORDER** |

The Court conducted a hearing on all pending motions on June 24, 2022.

Plaintiff Ranches of the West, Inc. (Ranches) was represented by Adrienne M. Tranel, Esq. Defendant Janet Christensen (Christensen) was represented by Bernard J. Everett, Esq. and Adam C. Cook, Esq.

IT IS HEREBY ORDERED:

1. Ranches' Motion for a Temporary Restraining Order (Doc. 69) is GRANTED to the following extent:

    a. On June 27, 2022, Christensen shall transfer to Ranches the Quick Books license that Ranches has been paying for, and all Quick Books files that relate to Ranches and Country Roads, Inc.

    b. On or before July 13, 2022, Christensen shall provide to Ranches all documents, flash drives, and other computer-related devices that contain confidential financial information relating to Ranches, Country Roads, Inc., and Reid Rosenthal, with exception of the "new computer" that Christensen purchased after her employment with Ranches or Country Roads had ended. Ranches shall bear the fees and costs incurred in having an information technology (IT) specialist examine any of the computer-related devices produced by Christensen.

    c. On or before July 13, 2022, Christensen shall prepare a document that describes all of the documents, flash drives and computer-related devices that she has provided to Ranches. Christensen shall provide a copy of the list to Ranches.

    d. On or before July 13, 2022, Christensen shall make her "new computer" available for an examination by an IT specialist to determine and extract all information related to Ranches, Country Roads, Inc., Reid Rosenthal, and entities or companies that are clients of Ranches. The parties shall mutually agree on the person who will perform the IT examination. The parties shall share equally the fees and costs of the IT examination.

        e.        On or before July 13, 2022, Christensen and her lawyers shall file a certification stating that Christensen has provided to Ranches all documents, flash drives, and other computer-related devices that contain confidential financial information relating to Ranches, Country Roads, Inc., Reid Rosenthal, and entities or companies that are clients of Ranches.

2.    Ranches' Motion for Leave to File a Sur-Reply (Doc. 61) is DENIED.

3.    Christensen's Motion to Dismiss (Doc. 44), Christensen's Motion for Partial Summary Judgment (Doc. 45), and Ranches' Motion to Dismiss Counterclaims (Doc. 53) are DENIED without prejudice as premature. The parties may renew these motions after they have completed the depositions of Janet Christensen, Reid Rosenthal and Ranches' Rule 30(b)(6) designee. Any party filing a motion for summary judgment must simultaneously file a Statement of Undisputed Facts as required under L.R. 56.1.

4.    Ranches has failed to plead its fraud claim against Christensen with particularity as required under Fed. R. Civ. P. 9. Ranches's Second Amended Complaint makes only conclusory allegations of fraud. Ranches alleges that Christensen knowingly made false representations "that [certain] purchases, payments and checks were made for [Ranches'] business expenses and bills," when the purchases, payments and checks were actually made for "her own benefit and to embezzle funds from [Ranches]." (Doc. 29 at 10).

Rule 9 states when a party alleges fraud the party "must state with particularity the circumstances constituting the fraud. Fed. R. Civ. P. 9(b). Rule 9(b) demands that the allegations of fraud be specific enough to give the defendant notice of the particular misconduct so the defendant can defend against the charge. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). A proper allegation of fraud must include the time, place and specific content of the false representations as well as the identities of the persons to whom the false representations were made. *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004).

The Court will give Ranches an opportunity to file a Third Amended Complaint that properly pleads fraud with particularity. Ranches must file its Third Amended Complaint on or before July 29, 2022.

DATED this 29th day of June, 2022.

_____
John Johnston
United States Magistrate Judge